UNITED STATES of America, Appellee,

v.

Leon Rudolph ROBINSON, Appellant.

No. 85–5261.

United States Court of Appeals, Fourth Circuit.

Argued July 15, 1986.

Decided Nov. 3, 1986.

Association of Laurel, Maryland. He claims the district court erred (1) in refusing to voir dire prospective jurors regarding the presumption of innocence, the burden of proof, and reasonable doubt; (2) in admitting the opinion evidence of appellant's brother identifying appellant as the individual shown in the bank surveillance photographs; (3) in refusing to ask juror 448 to specify the nature of the crime of which he had been the victim; and (4) in refusing to include in the appellate record a transcript or tape of the voir dire proceedings and the jury list. Finding no merit in these exceptions, we affirm.

I

■ The claim of error because the trial judge refused to specifically ask the full venire if they understood and would abide by the court's instructions on reasonable doubt, presumption of innocence, and burden of proof has its origin in *United States v. Hill,* 738 F.2d 152 (6th Cir.1984). Every other circuit which has considered this exception, including our circuit in *United States v. Carter,* 772 F.2d 66 (4th Cir.1985), has refused to follow *Hill.* The trial jury in the present case was twice instructed on these points of law, and this was quite sufficient.

II

Appellant contends that it was error to admit the testimony of his brother, Sylvester Robinson, who testified that the individual shown in the bank surveillance photographs was the appellant, Leon Rudolph Robinson. Appellant claims that there had been no change in his appearance; that the testimony was cumulative; and that his brother's identification of him was based, in part, on the brother's knowledge of the defendant's criminal record, which precluded him from effectively cross examining his brother on this point.

Federal Rule of Evidence 701 states:

If the witness is not testifying as an expert, his testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally

Thomas B. Mason, Asst. Federal Public Defender (Fred Warren Bennett, Federal Public Defender, Stephen J. Cribari, Deputy Federal Public Defender, on brief), for appellant.

Herbert Better, Asst. U.S. Atty. (Breckinridge L. Wilcox, U.S. Atty., on brief), for appellee.

Before PHILLIPS, SPROUSE and CHAPMAN, Circuit Judges.

CHAPMAN, Circuit Judge:

Appellant appeals his conviction of armed robbery of the Citizens Savings & Loan

based on the perception of the witness and (b) helpful to a clear understanding of his testimony or the determination of a fact in issue.

Sylvester Robinson was an individual who could testify under this rule as a lay witness. His testimony was based upon his perceptions from viewing the photographs and from his perceptions of and close association with his brother over the years. Although the defendant's appearance may not have physically changed from the time of the bank surveillance photograph until the time of trial, the individual in the photograph was wearing a hat and dark glasses, and the testimony of Sylvester Robinson could be helpful to the jury on the issue of fact of whether the appellant was the person shown in the bank surveillance photographs. A lay witness may give an opinion concerning the identity of a person depicted in a surveillance photograph if there is some basis for concluding that the witness is more likely to correctly identify the defendant from the photograph than is the jury. *United States v. Farnsworth*, 729 F.2d 1158, 1160 (8th Cir.1984). Sylvester Robinson certainly qualified as a person more likely to correctly identify the individual shown in the photograph.

Appellant contends that his brother's identification of him was based upon the brother's awareness of appellant's involvement in other armed robberies, but the trial court found that it was clear that the basis of the brother's identification was his recognition of Leon Robinson in the photographs. Appellant further contended that he could not effectively cross examine Sylvester Robinson for fear of bringing out his prior record. However, the trial judge suggested a way to pursue such cross examination without disclosing appellant's prior criminal record, but the suggestions were not followed.

The admission of lay testimony under Rule 701 is committed to the discretion of the trial judge when the conditions of the rule are met. Here, the two conditions of the rule were clearly met, and the trial judge did not abuse his discretion.

## III

The appellant has shown no prejudice from the failure to include in the appellate record a transcript or tape of the voir dire proceedings or the jury list. This court understands the proceedings before the district court on the issues raised by the appellant as to the voir dire examination of the venire, and we find that the transcript or tape of these proceedings would not be of assistance to us in reaching our decision.

## IV

During the voir dire of the venire, the trial judge asked if any juror or any member of the juror's immediate family had been the victim of a crime. Of those jurors who responded in the affirmative, all but two identified the specific crime of which they or their family member had been a victim. Jurors 448 and 460 both indicated they had been victims of a crime, but neither specified the nature of the crime. In response to another question by the court, juror 448 stated that she went to state court in connection with the crime against her, and juror 460 stated that she did not go to court. The judge inquired of all jurors who had responded in the affirmative as to whether the fact that they or members of their immediate families had been victims of a crime would prevent them from returning a verdict in the present case based solely upon the evidence presented and the court's instructions as to the law. There were no affirmative responses to this question. At this time defense counsel first suggested that some jurors had not identified the crimes against them and asked for further questions on this point. The defense counsel did not specifically identify the jurors. The trial judge stated that he thought the crimes had been identified, and the matter was dropped.

The judge called a bench conference at the conclusion of the voir dire to see if the attorneys had any additional requests. Defense counsel replied that he had nothing additional but restated his belief that cer-

tain jurors had not identified the nature of the crime of which they had been a victim. He specifically identified jurors 448 and 460. The judge again indicated that he felt that all the crimes had been identified; no exception was taken by defense counsel nor were additional questions requested. Neither juror 448 nor juror 460 was challenged for cause. One juror was challenged for cause, and this challenge was sustained. The challenged juror had been an employee of the Department of Justice and had a relative who had been killed in a holdup. Defense counsel exercised a peremptory strike against juror 448 but did not strike juror 460.

If appellant had challenged for cause either juror 448 or juror 460, the nature of the crime would have been ascertained during a discussion of the motion, but appellant's attorney did not pursue this course. If counsel had pursued the point as persistently at trial as he has done on appeal, he would have obtained the desired information.

The trial judge's failure to secure this information from the two prospective jurors is not the "denial or substantial impairment of the right" to exercise preemptory strikes as was found to require reversal in *United States v. Ricks*, 802 F.2d 731 (4th Cir.1986) (en banc).

Appellant relies upon *United States v. Rucker*, 557 F.2d 1046 (4th Cir.1977), but it is clearly distinguishable and is not controlling on the present facts. In *Rucker* one venireman had not answered questions 18 and 19 on the questionnaire given to all prospective jurors. Question 18 inquired as to whether a venireman suffered from any physical or mental infirmity that would impair his ability to serve as a juror, and question 19 requested an explanation if question 18 was answered in the affirmative. Another venireman answered question 18 affirmatively but did not give an explanation as required by question 19. The judge was asked to have the juror supply the necessary information, and he failed to do so. The court in *Rucker* specifically outlined its holding as follows:

Our holding is a narrow one. When the district judge had reason to believe from information supplied by the veniremen themselves that one of them may well have lacked, and one did lack, physical or mental capacity to serve as jurors, the defendant's request for a specific inquiry into the matter was reasonable and should have been granted.

*Id.* at 1049.

In the present case, neither prospective juror lacked capacity to serve, and the judge did not refuse to obtain the information requested, but acted upon the belief that he had already secured the information sought by appellant's counsel.

Appellant's reliance upon *United States v. Bynum*, 634 F.2d 768 (4th Cir.1980), is also misplaced. In *Bynum* the venireman intentionally failed to reveal that his brother had been convicted of bank robbery, his nephew had been convicted of bank robbery, and his sister-in-law had been convicted of narcotics violations when asked if any close family relative had been convicted of a crime. In *Bynum* the venireman became a member of the jury which convicted the defendant.

A trial court has broad discretionary powers in conducting the voir dire of a jury and in phrasing the questions asked. *Ristaino v. Ross*, 424 U.S. 589, 594–95, 96 S.Ct. 1017, 1020–21, 47 L.Ed.2d 258 (1976); *United States v. Johnson*, 527 F.2d 1104, 1107 (4th Cir.1975). In *United States v. Jones*, 608 F.2d 1004 (4th Cir.1979), *cert. denied*, 444 U.S. 1086, 100 S.Ct. 1046, 62 L.Ed.2d 773 (1980), we concluded that it was not an abuse of discretion to refuse to ask prospective jurors whether they or any of their relatives had been victims of any crime. If it is not an abuse of discretion to refuse to ask such a general question, it cannot be an abuse of discretion to fail to probe for additional information, once the question is asked.

AFFIRMED.