862 F.2d 315
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
James Knox BOTSCH, Defendant-Appellant.
 No. 87-5092.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 27, 1988.
Decided Nov. 3, 1988.
 
 Fred Warren Bennett, Federal Public Defender, Stephanie J. Batcheller, (Federal Public Defender's Office), for appellant.
 Breckinridge L. Willcox, United States Attorney, David P. King, (Office of United States Attorney), for appellee.
 Before WIDENER, ERVIN, WILKINS, Circuit Court Judges.
 PER CURIAM:
 
 
 1
 James Botsch appeals his conviction for driving under the influence of alcohol and reckless driving, alleging that voir dire of the jury panel was improperly restricted. Because we find no error in the jury selection process, we affirm.
 
 
 2
 During the course of voir dire, the district court asked the jury panel if any member had ever served as a petit juror at a criminal trial. Seven panel members indicated that they had previously served on criminal trial juries and three of these seven indicated that they had served on a criminal jury in federal court two weeks earlier. One of these three, when responding to the court's question, indicated that the defendant in the earlier trial had changed his plea to guilty prior to the conclusion of the trial. The court asked each of the seven panel members individually if there was anything about their prior jury service that would prevent them from rendering a fair and impartial verdict in Botsch's case, based on the evidence and the instructions. Each panel member responded negatively.
 
 
 3
 After learning that three potential jurors served on a jury at a trial in which the defendant changed his plea to guilty, Botsch requested the court to ask these members if their ability to presume Botsch innocent would be affected by the fact that the defendant in the prior case offered a defense and then pleaded guilty. The court refused to ask this question, noting that it would give the jurors a preliminary instruction on the presumption of innocence. Botsch exercised all three of his peremptory challenges to strike these panel members, without making an attempt to challenge these jurors for cause.
 
 
 4
 It is well established that a trial court has broad discretion in fashioning and conducting voir dire. United States v. Robinson, 804 F.2d 280, 283 (4th Cir.1986). Barring the presence of circumstances, either related to the specific facts of a particular case or arising out of responses to voir dire, indicating a reasonable possibility that one or more jurors may be incapable of carrying out his duties or remaining impartial, the trial court's refusal to make specific inquiries about potential bias is not an abuse of discretion. United States v. Brown, 767 F.2d 1078, 1081 (4th Cir.1985); United States v. Rucker, 557 F.2d 1046, 1049 (4th Cir.1977).
 
 
 5
 In this case, seven prospective jurors had previously served on juries in criminal cases. All seven indicated that their prior service would not affect their ability to judge Botsch's case impartially. Botsch, however, complains that because three of these prospective jurors apparently served on a jury at a trial where the defendant changed his plea to guilty, he was entitled to further voir dire on whether this experience affected their ability to accord him the presumption of innocence.* His argument is unpersuasive.
 
 
 6
 The mere fact that a potential juror previously witnessed a criminal defendant change his plea from not guilty to guilty during the course of a trial, standing alone, does not create a reasonable possibility that he will no longer be able to presume a criminal defendant innocent. Indeed, as the trial court aptly observed, there is little reason to assume that a juror with this experience would be any less likely to accord a criminal defendant the presumption of innocence than jurors who previously served on a jury that found a criminal defendant guilty beyond a reasonable doubt.
 
 
 7
 Accordingly, the judgment of the district court is affirmed. We dispense with oral argument because the facts and legal arguments are adequately presented in the briefs and record and the decisional process would not be significantly aided by oral argument.
 
 
 8
 AFFIRMED.
 
 
 
 *
 Botsch apparently was satisfied with the voir dire of the other panel members who had previously served on criminal juries