983 F.2d 1058
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Tracy Demont HUMPHRIES, Defendant-Appellant.
 No. 92-5294.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: December 29, 1992
Decided: January 21, 1993
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Richard C. Erwin, Senior District Judge. (CR-91-153-G)
 Thomas H. Johnson, Jr., Greensboro, North Carolina, for Appellant.
 Robert H. Edmunds, Jr., United States Attorney, Paul A. Weinman, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.
 M.D.N.C.
 AFFIRMED AND REMANDED.
 Before HAMILTON and WILLIAMS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Tracy Demont Humphries was convicted by a jury of conspiracy to distribute over fifty grams of crack cocaine (21 U.S.C.A. § 841(a), (b)(1)(A) (West 1981 & Supp. 1992)) (Count One), and possession of cocaine with intent to manufacture crack cocaine (21 U.S.C.A § 841(a), (b)(1)(C) (West 1981 & Supp. 1992), 18 U.S.C. § 2 (1988)) (Count Two).[1] He challenges his conviction, arguing first that the district court abused its discretion in admitting the testimony of two government witnesses and in giving a limiting instruction which was insufficient to cure the error, and second that the evidence is insufficient to support the convictions. We affirm Humphries's convictions, but remand for the limited purpose of allowing the district court to correct an error in the judgment and commitment order.
 
 
 2
 Humphries was charged with participation in a crack conspiracy which was centered in Greensboro, North Carolina, and operated from January 1991 to July 1991. The conspiracy was conducted first in an apartment where Steve Sykes and Miko Henare were living with their little girl (the Carolina Circle apartment). Co-defendants Brandon (Jimmy) Santos and Roy Rohan Reid (Cani) took up residence in the apartment and recruited several local people including Sykes to sell crack. After a few months, Henare moved to a different apartment (the Woodwinds apartment) with her little girl. Reid followed because he and Santos were not getting along. Henare left the area in June 1991. After a shooting at the Woodwinds apartment in July in which both Santos and Reid were wounded, the conspirators were arrested. Santos fled the hospital and remained a fugitive at the time of Humphries's trial.
 
 
 3
 Humphries testified in his own defense that he knew the conspirators and knew they were selling crack, but denied that he was involved in the drug trafficking. Henare, who had legitimate full-time employment during the period of the conspiracy and was not charged in the offense, testified that she saw Reid cook cocaine into crack at both apartments. She said she saw Humphries bagging drugs with Santos at the Carolina Circle apartment, and that he came frequently to the Woodwinds apartment to "work for" Reid in selling drugs. Although she never saw Humphries actually working for Reid, she said was told by an unspecified person that he was. She said she saw Reid get plastic packages of drugs from the shelf in her daughter's bedroom and give them to Humphries on more than one occasion.
 
 
 4
 Sykes testified that he knew Humphries was working for Santos because Santos told him so, and because more than once he saw Humphries give Santos five or six hundred dollars in cash, and because he heard Santos and Humphries discuss drug sales in Greensboro and High Point. He also said that Santos left crack for Humphries to sell when he went to New York, but was not asked how he knew this.
 
 
 5
 Defense counsel made several attempts to strike the testimony of both Henare and Sykes on the ground that neither had personal knowledge that Humphries was selling drugs for Santos and Reid. The court overruled the objections, but did instruct the jury to disregard Sykes's statement that Santos told him Humphries was selling for him because Sykes did not see the sales.
 
 
 6
 The testimony of both witnesses as to what they saw and heard was admissible. They had personal knowledge of these events and conversations. Sykes's testimony that Santos had said that Humphries was selling drugs for him was admissible as the statement of a coconspirator under Fed. R. Evid. 801(d)(E). The district court's decision to admit the opinion, stated by each of them, that Humphries was selling crack for Santos and Reid was not an abuse of discretion under Fed. R. Evid. 701 because it was rationally based on observed facts and was helpful to an understanding of the matter. United States v. Robinson, 804 F.2d 280 (4th Cir. 1986). Moreover, even if we were to question the ruling below, any error was harmless given the factual evidence which established Humphries's complicity in the drug trafficking. Chapman v. California, 386 U.S. 18 (1967). Humphries's argument that the limiting instruction given by the district was inadequate to cure its error is thus without merit.
 
 
 7
 The question for the jury was whether the testimony of Henare and Sykes or of Humphries himself was more credible. The credibility of witnesses is solely an issue for the jury and is not reviewable on appeal. United States v. Saunders, 886 F.2d 56 (4th Cir. 1989). Taken in the light most favorable to the government, Glasser v. United States, 315 U.S. 60, 80 (1942); United States v. Samad, 754 F.2d 1091, 1096 (4th Cir. 1984), the evidence was sufficient to support a guilty verdict. Therefore, the district court did not err in denying Humphries's motion to acquit.
 
 
 8
 The judgment and commitment order entered by the district court specifies that Humphries was found guilty of Counts One and Two of the superseding indictment, and that the original indictment was dismissed. Nonetheless, the offense in Count Two of which Humphries was found guilty is listed as "Possess with intent to distribute crack," the offense charged in Count Two of the original indictment.
 
 
 9
 Because the judgment and commitment order should reflect the actual offense of which the defendant was convicted, we remand this case to the district court for the limited purpose of correcting the judgment and commitment order.[2] The conviction is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED AND REMANDED
 
 
 [1]
 Superseding indictment filed September 30, 1991
 
 
 [2]
 We note that the same error appears in the judgment and commitment order entered in co-defendant Joseph Honeyblue's case. Honeyblue's appeal has already been decided. United States v. Honeyblue, No. 92-5024 (4th Cir. Nov. 13, 1992) (unpublished)