989 F.2d 492
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Vance Dennis DIXON, Petitioner-Appellant,
v.
Kenneth TAYLOR, Warden, MHC; Attorney General of the State
of Maryland, Respondents-Appellees.
 No. 92-6146.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: June 25, 1992
Decided: March 4, 1993
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Herbert N. Maletz, District Judge. (CA-91-574-B)
 Vance Dennis Dixon, Petitioner Pro Se.
 John Joseph Curran, Jr., Attorney General, Mary Ann Rapp Ince, Assistant Attorney General, Baltimore, Maryland, for Appellees.
 D.Md.
 AFFIRMED.
 Before WIDENER, WILKINSON, and LUTTIG, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Vance Dennis Dixon, a Maryland inmate, appeals from the district court's dismissal of his petition for relief under 28 U.S.C. § 2254 (1988). His petition alleged that: (1) the trial court erred by refusing to grant a mistrial after a state's witness made reference to his probationary status, in violation of an agreement between the parties; (2) the trial court abused its discretion by refusing his voir dire question concerning the presumption of innocence; (3) he was denied the right to a preliminary hearing, to which he is entitled under state law; (4) he was denied effective assistance of counsel at trial by trial counsel's failure to object to prejudicial and allegedly inaccurate testimony; (5) he was denied effective assistance of counsel on appeal by appellate counsel's repeated failure to file a timely direct appeal; (6) the evidence was insufficient to sustain his conviction; and (7) the trial was fundamentally unfair because the prosecution failed to honor the parties' agreement to exclude evidence of Dixon's past criminal record from trial, and because the trial court failed to exclude prior bad acts testimony and failed to properly instruct the jury on witness credibility.
 
 
 2
 The district court dismissed claims (3), (4), (5), (6), and that part of (7) concerning prior bad acts evidence on the basis that these claims were procedurally barred by Dixon's failure to raise them in his first two state postconviction petitions. The remaining claims ((1), (2), and that part of (7) concerning the prosecution's alleged failure to refrain from mentioning Dixon's criminal record) were dismissed on the merits. We affirm.
 
 I.
 
 3
 Dixon, who was represented by counsel at trial, on appeal, and during state postconviction proceedings, filed, but failed to perfect, a direct appeal of his 1986 conviction by failing timely to file a trial transcript with the Maryland Court of Special Appeals. The consequent dismissal of his direct appeal was the subject of his first state postconviction petition. That petition simply sought the right to file a belated direct appeal. Relief was granted, but appellate counsel again failed to file a timely appeal, this time due to what counsel termed a "clerical oversight." Dixon subsequently filed a second state postconviction petition, again seeking the right to file a belated direct appeal. This petition, like the first one, raised no other claims for relief, and contained the following disclaimer:
 
 
 4
 As in his first petition, [Dixon] is seeking only to regain his right to appeal; and he does not intend, by the filing of this petition, to waive any rights he may have for post conviction relief from his conviction and sentence.
 
 
 5
 After finding that appellate counsel's "admitted incompetency prohibited Petitioner from filing a timely appeal," the state circuit court again granted Dixon the right to file a belated appeal, and an appeal was in fact filed in which Dixon alleged that: the trial court erred in refusing to grant a mistrial after the prosecution elicited testimony regarding Dixon's probationary status; the trial court abused its discretion in refusing to present Dixon's voir dire question regarding the presumption of innocence; and the sentence imposed for the charge of carrying a handgun was illegal. The court denied relief on the merits with regard to the first and second claims, but remanded for resentencing on the handgun charge.
 
 
 6
 Dixon then filed his third state postconviction petition and an amended petition, in which he substantially raised all claims for relief set forth in the present petition, with the exception of present claims one and two (which were previously presented on direct appeal). The state postconviction court dismissed the petition as procedurally barred by Dixon's failure to raise his claims in his first two postconviction petitions, citing the Maryland Post Conviction Procedure Act, Md. Code Ann. art. 27, § 645A(a)(2) (1992), which establishes a twopetition limit for those seeking postconviction relief. Dixon filed an appeal. The Maryland Court of Special Appeals denied leave to appeal in a published opinion, holding:
 
 
 7
 a petition seeking a belated direct appeal, containing only allegations relevant to, and supportive of, that relief, does not preserve a petitioner's right to file a subsequent petition containing allegations of error respecting the conduct of the trial, or otherwise cognizable in post conviction proceedings, that could previously have been raised. We also hold that, in the absence of specific allegations of error, inserting a disclaimer in a petition is likewise insufficient.
 
 
 8
 Dixon v. State, 579 A.2d 786, 788 (Md. Ct. Spec. App. 1990). Dixon's fourth postconviction petition was likewise dismissed on the basis of his failure to present his claims in his first two petitions.
 
 II.
 
 9
 We conclude that the two-petition rule of section 645A(a)(2) as interpreted and applied by the state court in Dixon operated as an adequate and independent ground for denying relief on claims (3), (4), (5), (6), and that part of (7) concerning admission of prior bad acts evidence. It is now well-established that when a petitioner fails to comply with state procedural rules and such failure provides an adequate and independent ground for the state's denial of relief, federal review is barred, absent a showing of cause and prejudice or a miscarriage of justice. Harris v. Reed, 489 U.S. 255 (1989); Murray v. Carrier, 477 U.S. 478, 485-88 (1986). A procedural rule constitutes an adequate and independent state ground for denial of relief (and is thus a proper basis for barring federal review) when it is "strictly or regularly followed," Johnson v. Mississippi, 486 U.S. 578, 587 (1988) (citing Barr v. Columbia, 378 U.S. 146, 149 (1964)), and where it has been "clearly announced to defendant and counsel." Wheat v. Thigpen, 793 F.2d 621, 625 (5th Cir. 1986), cert. denied, 480 U.S. 930 (1987).
 
 
 10
 At the time Dixon filed his first two state postconviction petitions in 1986 and 1987, section 645A(a)(2) clearly commanded that a "person may not file more than 2 [post-conviction] petitions." Although earlier case authority might have warranted a different result, see Hines v. Warden, Maryland Penitentiary, 204 A.2d 176 (Md. 1964),* the language of the statute in effect at all times relevant to this petition was clear and unambiguous. Federal review is therefore barred.
 
 III.
 
 11
 The remaining claims are without merit. In claim (1) and the remainder of (7), Dixon asserts that the state court erred in denying his motion for a mistrial, after the prosecution and certain witnesses made reference to his criminal record, in violation of an express agreement between the parties. The record reveals, however, that one challenged comment by witness Michelle Johnson and the prosecutor's summary of that comment in closing argument simply did not establish that Dixon was on probation, as he now alleges. Both Johnson's comment and the remaining challenged comment by the victim were unanticipated by the prosecution. On this record where other evidence of Dixon's guilt was overwhelming, we find that admitting these comments did not render Dixon's trial fundamentally unfair. Gaskins v. McKellar, 916 F.2d 941, 948 (4th Cir. 1990), cert. denied, 59 U.S.L.W. 3809 (U.S. 1991).
 
 
 12
 Dixon also challenges the trial court's refusal to present a voir dire question concerning the juror's understanding of the presumption of innocence (claim (2)). However, this Court, like the majority of other circuits, has expressly rejected a per se rule which would require voir dire questions concerning the presumption of innocence. United States v. Robinson, 804 F.2d 280, 283 (4th Cir. 1986). An instruction to the jury on the presumption of innocence at the close of trial is all that is constitutionally required. Id. Such an instruction was given here. Dixon's claims (1), (2), and that part of (7) concerning reference to his criminal history were appropriately dismissed.
 
 
 13
 For the foregoing reasons, we affirm the district court's dismissal of each of Dixon's claims. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 In Hines, the petitioner filed a second postconviction petition after successfully requesting the right to file a belated appeal. Although the state court of appeals denied relief on the merits after the petition was denied by the lower court, it made the following observations about the character of the petitioner's second postconviction petition:
 Because of our unusual disposition of the [first postconviction] petition ..., we think the present petition has the status of an "original or amended petition" rather than that of a"subsequent petition," which would be dismissed without hearing or appointment of counsel under Maryland Rule BK 48,[ ] unless it alleged matters that could not reasonably have been raised in the first instance.
 Id.at 177.