**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-5069**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

ROY ANTRON LOWE,

              Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. James A. Beaty, Jr., Chief District Judge. (1:07-cr-00071-JAB-2)

Submitted: September 8, 2011        Decided: September 29, 2011

Before NIEMEYER, MOTZ, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael W. Patrick, LAW OFFICE OF MICHAEL W. PATRICK, Chapel Hill, North Carolina, for Appellant. Ripley Rand, United States Attorney, Angela H. Miller, Terri-Lei O'Malley, Assistant United States Attorneys, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Roy Antron Lowe was found guilty by a jury of bank robbery (Count 1), armed bank robbery (Count 2), and use and carry of a firearm (brandishing) during a crime of violence (Count 3). On appeal, he raises one issue: whether the district court erred by allowing the lay opinion testimony of two police officers in violation of Fed. R. Evid. 701. For the reasons that follow, we affirm.

Rule 701 of the Federal Rules of Evidence permits lay opinion testimony as long it is based on the witness' own perception, helpful to the jury in understanding the facts at issue, and "not based on scientific, technical, or other specialized knowledge." Fed. R. Evid. 701. A lay witness may give an opinion concerning the identity of a person depicted in a surveillance photograph if there is some basis for concluding that the witness is more likely to correctly identify the defendant from the photograph than the jury. United States v. Robinson, 804 F.2d 280, 282 (4th Cir. 1986); see United States v. Allen, 787 F.2d 933, 936 (4th Cir. 1986), vacated and remanded on other grounds, 479 U.S. 1077 (1987).

Normally we review a trial court's evidentiary rulings for an abuse of discretion. United States v. Patterson, 150 F.3d 382, 387 (4th Cir. 1998). Errors not objected to at trial, however, are reviewed for plain error. United States v. Olano,

507 U.S. 725, 731-32 (1993); United States v. Hastings, 134 F.3d 235, 239 (4th Cir. 1998). Lowe concedes that we review the matter for plain error, as his trial counsel did not object to the disputed testimony. (Appellant's Br. at 7).

Lowe has failed to establish plain error on appeal. In particular, we note that Lowe's trial counsel relied on Officer Gerald Stephens' video identification of him during the bank robbery in closing arguments. Lowe argued to the jury that he was forced to participate in the bank robbery by a co-Defendant and relied on Stephens' opinion that he was the second robber involved, contrasting Stephens' and the other detective's testimony against other trial witnesses. (J.A. 176). Under these circumstances we do not find that the district court plainly erred by allowing the officers' disputed testimony at trial. Olano, 507 U.S. at 735.

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3