**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4545**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

COVIA DZELL SMITH, a/k/a Vey,

            Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Dever III, District Judge.  (7:18-cr-00093-D-1)

Submitted:  September 16, 2020                     Decided:  October 30, 2020

Before MOTZ and DIAZ, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Paul K. Sun, Jr., Kelly Margolis Dagger, ELLIS & WINTERS LLP, Raleigh, North Carolina, for Appellant.  Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Covia Dzell Smith of distributing a quantity of a mixture and substance containing a detectable amount of marijuana on June 1, 2017 (Count 1), and distributing quantities of a mixture and substance containing a detectable amount of cocaine on June 7 and 20, 2017 (Counts 2 and 3), all in violation of 21 U.S.C. § 841(a). The district court sentenced Smith to 300 months' imprisonment, within his advisory Sentencing Guidelines range. On appeal, Smith raises multiple challenges to his convictions and sentence. We affirm.

I.

Smith argues that the district court abused its discretion in permitting a jailhouse informant to testify that he knew Smith because he purchased cocaine from him on two occasions. Smith also contends that the court abused its discretion in allowing the Government to introduce a phone call Smith made from jail.

"We review a district court's evidentiary rulings for abuse of discretion." *United States v. Burfoot*, 899 F.3d 326, 340 (4th Cr. 2018). "A district court abuses its discretion when it acts arbitrarily or irrationally, fails to consider judicially recognized factors constraining its exercise of discretion, relies on erroneous factual or legal premises, or commits an error of law." *United States v. Dillard*, 891 F.3d 151, 158 (4th Cir. 2018) (internal quotation marks omitted).

Federal Rule of Evidence 404(b) "allows admission of evidence of the defendant's past wrongs or acts, as long as the evidence is not offered to prove the defendant's predisposition toward criminal behavior." *United States v. Sterling*, 860 F.3d 233, 246

(4th Cir. 2017). "To be admissible under Rule 404(b), the evidence must be (1) relevant to an issue other than the general character of the defendant, (2) necessary to prove an essential claim or element of the charged offense, and (3) reliable." *Id.* Moreover, Federal Rule of Evidence 403 "demands that the evidence's probative value not be substantially outweighed by its unfair prejudice to the defendant." *Id.* at 247. Rule 404(b), however, "does not affect the admission of evidence that is intrinsic to the alleged crime," and "[e]vidence of other bad acts is intrinsic if, among other things, it involves the same series of transactions as the charged offense, or if it is necessary to complete the story of the crime on trial." *United States v. Webb*, 965 F.3d 262, 266 (4th Cir. 2020) (internal quotation marks omitted).

We conclude that the district court did not abuse its discretion in admitting the jailhouse informant's testimony about uncharged drug transactions under Rule 404(b). This testimony was relevant to an issue other than Smith's general character—it was admitted to explain why Smith would disclose incriminating information to the informant, as opposed to any other prisoner. To that end, the evidence of the informant's prior relationship with Smith bolstered the credibility of the remainder of his testimony, which was necessary because of the informant's criminal history and potential negative inferences regarding his motives for testifying. *See United States v. Byers*, 649 F.3d 197, 209-10 (4th Cir. 2011) (concluding that evidence may be necessary under Rule 404(b) when credibility of witness is at issue). And, although the informant's credibility was certainly at issue, his testimony about the uncharged drug transactions was not "so preposterous that it could not be believed by a rational and properly instructed juror." *United States v. Siegel*, 536 F.3d

3

306, 319 (4th Cir. 2008) (internal quotation marks omitted). Finally, Rule 403 does not prevent admission of the challenged testimony, especially considering that the district court helped to protect against any undue prejudice by providing an appropriate limiting instruction. *See United States v. Hall*, 858 F.3d 254, 279 (4th Cir. 2017).

Unlike the jailhouse informant's testimony, the district court did not admit the jailhouse phone call under Rule 404(b), but as intrinsic evidence. And, contrary to Smith's contention, the call contained highly relevant information, as he discussed one of his interactions with the confidential informant (CI) and the undercover agents. The call was also relevant because Smith used another inmate's personal identification number, suggesting that he was trying to conceal incriminating information from law enforcement. Accordingly, we conclude that any prejudice that may have arose from Smith's use of profanity during the recorded conversation did not substantially outweigh the probative value of the evidence.

Procedurally, Smith argues that the Government's notice of its intent to introduce the jailhouse informant's testimony and the jailhouse phone call was untimely. Rule 404(b)(2) directs that, upon the defendant's request, the Government "must: (A) provide reasonable notice of the general nature of any [prior bad acts] evidence that the [Government] intends to offer at trial; and (B) do so before trial—or during trial if the court, for good cause, excuses lack of pretrial notice." Fed. R. Evid. 404(b)(2). In this case, the reasonable notice requirement applies only to the informant's testimony about uncharged drug transactions, as the call was not admitted under Rule 404(b).

4

We conclude that the Government met its burden when it disclosed to counsel "the general nature" of the 404(b) evidence months before trial. Fed. R. Evid. 404(b)(2)(A). And counsel was aware of the jailhouse informant's identity by the time of trial. *See United States v. Basham*, 561 F.3d 302, 327 n.12 (4th Cir. 2009) (concluding that defendant "had sufficient notice of . . . bad acts evidence" when counsel "objected to admission of the [evidence] before the Government even reached that line of questioning"). The district court, therefore, did not abuse its discretion in concluding that the Government's notice was sufficient under Rule 404(b)(2).

II.

Smith argues that the district court plainly erred in allowing the undercover agents to summarize certain conversations and to explain the meaning of drug slang used during one of those conversations. On plain error review "this Court will correct an unpreserved error if (1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Harris*, 890 F.3d 480, 491 (4th Cir. 2018) (internal quotation marks omitted).

Federal Rule of Evidence 701 governs lay opinion evidence and authorizes a witness "not testifying as an expert" to present opinion evidence that is: (1) "rationally based on the witness's perception"; (2) "helpful to clearly understanding the witness's testimony or to determining a fact in issue"; and (3) "not based on scientific, technical, or other specialized knowledge within the scope of [Federal Rule of Evidence] 702." Fed. R. Evid. 701. Rule 702, in contrast, provides that "[a] witness who is qualified as an expert by

5

knowledge, skill, experience, training, or education may testify in the form of an opinion" if (1) "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue"; (2) "the testimony is based on sufficient facts or data"; (3) "the testimony is the product of reliable principles and methods"; and (4) "the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702.

"[W]e have recognized that the line between lay opinion testimony under Rule 701 and expert testimony under Rule 702 is a fine one, [and] the guiding principle in distinguishing lay from expert opinion is that lay testimony must be based on personal knowledge." *United States v. Farrell*, 921 F.3d 116, 143 (4th Cir.) (internal quotation marks omitted), *cert. denied*, 140 S. Ct. 269 (2019). "Other factors . . . distinguishing lay testimony from expert opinion" include "(1) whether the proposed testimony relies on some specialized knowledge or skill or education that is not in the possession of the jurors, and (2) whether the proposed testimony is in the form of responses to hypothetical or like questions." *Id.* at 143-44 (internal quotation marks omitted).

We conclude that the district court did not plainly err in allowing the undercover agents to describe their conversation with Smith on June 7. The testimony was based on their perceptions and personal knowledge and helped clarify what was said and by whom in the muddled recording. We further conclude that the court did not plainly err by allowing Special Agent Strickland to describe the conversation between Smith and the CI on June 20. Although Special Agent Strickland was not physically present for this drug transaction, he was listening in and was familiar with both Smith and the CI. His testimony,

6

therefore, once again helped clarify what was said and by whom on the muddled recording. *See United States v. Robinson*, 804 F.2d 280, 282 (4th Cir. 1986) ("A lay witness may give an opinion concerning the identity of a person depicted in a surveillance photograph if there is some basis for concluding that the witness is more likely to correctly identify the defendant from the photograph than is the jury."). In any event, Smith cannot establish that Special Agent Strickland's testimony about the June 20 drug transaction affected his substantial rights because the CI also testified about the transaction, and the district court made it clear on multiple occasions that the jury was the ultimate judge of what was said on the recordings. *See United States v. Pratt*, 351 F.3d 131, 140 (4th Cir. 2003) ("[T]he district court gave the jury an instruction that in the event of a variance between tapes and transcripts, the tapes controlled, thus protecting against any potential prejudice if a variance did exist.").

We also conclude that the Government was not required to qualify the undercover agents as experts before asking them to testify about the meaning of the drug slang used during the June 7 conversation and that the district court, therefore, did not plainly err in permitting this testimony. We have held that "a witness's understanding of what the defendant meant by certain statements is permissible lay testimony, so long as the witness's understanding is predicated on his knowledge and participation in the conversation." *United States v. Hassan*, 742 F.3d 104, 136 (4th Cir. 2014). That is what happened here— the agents testified about the meaning of the words used during the conversation in which both agents participated. Although the Government could have sought to qualify the agents as experts based on their extensive experience in undercover drug operations, their personal

participation in the conversation rendered such qualification unnecessary. *See United States v. Young*, 847 F.3d 328, 350 (6th Cir. 2017) (explaining that, although courts often qualify law enforcement officers as expert witnesses on drug slang or jargon, officer may provide lay opinion testimony when he "is a participant in the conversation, has personal knowledge of the facts being related in the conversation, or observed the conversations as they occurred" (internal quotation marks omitted)); *United States v. Akins*, 746 F.3d 590, 599 (5th Cir. 2014) (reiterating that "testimony need not be excluded as improper lay opinion, even if some specialized knowledge on the part of the agents was required, if it was based on first-hand observations in a specific investigation" (alteration and internal quotation marks omitted)); *United States v. Perkins*, 470 F.3d 150, 156 (4th Cir. 2006) (concluding that district court did not err in admitting under Rule 701 officers' testimony on reasonableness of use-of-force "[b]ecause their testimony was framed in terms of their eyewitness observations and particularized experience as police officers"). In any event, Smith cannot establish that any plain error affected his substantial rights because the CI also testified about the meaning of the slang words, and his testimony was clearly based on his personal experience, not his expertise.

## III.

Smith challenges the substantive reasonableness of his 300-month term of imprisonment. We review a defendant's sentence, "whether inside, just outside, or significantly outside the Guidelines range," for reasonableness "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007); *see United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020). This review requires consideration of both the

8

procedural and substantive reasonableness of the sentence. *Gall*, 552 U.S. at 51. We have confirmed that Smith's term of imprisonment is procedurally reasonable. *See United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019).

"A sentence within the Guidelines range is presumed on appeal to be substantively reasonable." *United States v. Helton*, 782 F.3d 148, 151 (4th Cir. 2015). "Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

We conclude that Smith has failed to rebut the presumption that his within-Guidelines sentence is substantively reasonable. The district court acknowledged that the quantities of drugs involved in the transactions were minimal but found that the offenses were serious, nonetheless. The court recognized that Smith had a significant drug addiction and mental health issues that required treatment but concluded that the need to promote respect for the law and deter Smith from engaging in additional criminal conduct was paramount, highlighting Smith's history of violence. The court credited Smith for earning his GED and trying to earn a legitimate living but disagreed with the argument that Smith's criminal conduct had deescalated over the years. Because Smith's sentence is supported by the record and the district court's careful consideration of the § 3553(a) factors, we conclude that the sentence is substantively reasonable.

IV.

Finally, Smith argues that counsel rendered ineffective assistance by failing to provide an adequate defense, make necessary objections during trial, and advance a

9

reasoned argument for a lesser sentence. "Unless an attorney's ineffectiveness conclusively appears on the face of the record, such claims are not addressed on direct appeal." *United States v. Faulls*, 821 F.3d 502, 507-08 (4th Cir. 2016). Instead, such claims "should be raised, if at all, in a 28 U.S.C. § 2255 motion." *Id.* at 508. We conclude that Smith's ineffective assistance claims are not cognizable on direct appeal, as counsel's ineffectiveness does not conclusively appear on the face of the record.

V.

We affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*