**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-4184

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KENNETH JEROME WILEY,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, District Judge.  (1:20-cr-00136-CCE-1)

Submitted:  July 1, 2022                                     Decided:  July 22, 2022

Before WYNN and RICHARDSON, Circuit Judges, and FLOYD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF**:  William S. Trivette, WILLIAM S. TRIVETTE, ATTORNEY AT LAW, PLLC, Greensboro, North Carolina, for Appellant.  Sandra J. Hairston, Acting United States Attorney, Stephen T. Inman, Assistant United States Attorney, Ashley E. Waid, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kenneth Jerome Wiley appeals his convictions for carjacking and aiding and abetting, in violation of 18 U.S.C. §§ 2, 2119(1); brandishing a firearm during and in relation to a crime of violence and aiding and abetting, in violation of 18 U.S.C. §§ 2, 924(c)(1)(A)(ii); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2).   On appeal, Wiley argues that the district court abused its discretion by allowing certain witnesses to offer identification testimony pursuant to Fed. R. Evid. 701 and by removing a sleeping juror from the jury before jury deliberations began.  We affirm.

We review a trial court's rulings on the admissibility of evidence for abuse of discretion, viewing the "evidence in the light most favorable to the proponent[ and] maximizing its probative value and minimizing its prejudicial effect." *Burgess v. Goldstein*, 997 F.3d 541, 559 (4th Cir. 2021) (internal quotation marks omitted).  Thus, "[w]e will overturn an evidentiary ruling only if it is arbitrary and irrational." *Id.* Moreover, we will not overturn a conviction due to an erroneous evidentiary ruling if the error is harmless—that is, if we "can say with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error." *Id.* at 561 (internal quotation marks omitted).

The Federal Rules of Evidence authorize a witness "not testifying as an expert" to present opinion evidence that is "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope

2

of [Fed. R. Evid.] 702." Fed. R. Evid. 701. "A lay witness may give an opinion concerning the identity of a person depicted in a surveillance photograph if there is some basis for concluding that the witness is more likely to correctly identify the defendant from the photograph than the jury." *United States v. Robinson*, 804 F.2d 280, 282 (4th Cir. 1986). With these standards in mind, our review of the record leads us to conclude that the district court did not abuse its discretion by allowing the three relevant witnesses to offer lay opinion testimony identifying Wiley in the surveillance footage admitted at trial.

As to Wiley's challenge to the removal of a juror, we review a district court's decision to excuse a juror before jury deliberations for abuse of discretion. *United States v. Freitag*, 230 F.3d 1019, 1023 (7th Cir. 2000). "If sleep by a juror makes it impossible for that juror to perform his or her duties or would otherwise deny the defendant a fair trial, the sleeping juror should be removed from the jury." *Id.* However, the district court "has considerable discretion in deciding how to handle" such matters. *Id.* After reviewing the record, we conclude that the district court did not abuse its discretion by excusing the sleeping juror from the jury.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3