**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 23-4359**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SHAMEL NESBITT,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, District Judge.  (5:19-cr-00226-BO-1)

Submitted:  July 25, 2024                                      Decided:  July 29, 2024

Before GREGORY, HARRIS, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Edward Eldred, PARRY LAW PLLC, Chapel Hill, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In August 2022, a jury convicted Shamel Nesbitt of distributing a mixture and substance containing cyclopropyl fentanyl, a fentanyl analogue, with serious bodily injury and death resulting, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C).  The district court sentenced Nesbitt to 292 months' imprisonment, plus a 3-year term of supervised release.  On appeal, Nesbitt raises two evidentiary issues and challenges the sufficiency of the Government's evidence.  For the reasons outlined below, we affirm.

Nesbitt first assigns reversible error to the court allowing the lead investigator, Detective Joey Wheeler, to testify that the time-stamp on surveillance footage captured from the convenience store where the underlying drug transaction occurred was off by one hour because the program had not been adjusted to standard time.  Defense counsel unsuccessfully objected to this testimony as hearsay without elaborating on the basis for that objection.  "We review a district court's evidentiary rulings for abuse of discretion." *United States v. Burfoot*, 899 F.3d 326, 340 (4th Cir. 2018).

Hearsay is an out-of-court statement that is offered "to prove the truth of the matter asserted in the statement."  Fed. R. Evid. 801(c).  A statement, in turn, is defined as "a person's oral assertion, written assertion, or nonverbal conduct, if the person intended it as an assertion."  Fed. R. Evid. 801(a).  Upon review, the record establishes that Wheeler's testimony regarding the time-stamp discrepancy was based on his own observation of the videorecording, not information conveyed to him by a third-party.  Moreover, defense counsel did not object to this aspect of Wheeler's testimony as lacking a proper foundation

2

or cross-examine Wheeler on the issue.  Accordingly, we discern no error in the district court overruling the proffered hearsay objection.

Nesbitt next assigns error to the court allowing Wheeler to testify that the decedent, Lucas Urbina, was driving the subject vehicle (a Ford Explorer) on the night in question. Because Nesbitt did not object to this testimony in the district court, we review this issue only for plain error. *See United States v. Walker*, 32 F.4th 377, 394 (4th Cir. 2022).  "There is plain error only when (1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id*. at 394-95 (internal quotation marks omitted).

We conclude that the record does not show any error in this regard, let alone plain error.  As recognized by the district court and conceded by the Government on appeal, the relevant surveillance footage is blurry at times and does not depict the drug transaction. However, as the lead investigator, Wheeler was well equipped to identify the individuals appearing in the video, and admission of such identification testimony was consistent with Federal Rule of Evidence 701.[*] *See United States v. Robinson*, 804 F.2d 280, 282 (4th Cir.

---

[*] Specifically, FRE 701:

> [P]ermits lay-opinion testimony where the opinion is (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge that would qualify as expert testimony within the scope of Rule 702.  That opinion must be based on personal knowledge.

*United States v. Arce*, 49 F.4th 382, 395 (4th Cir. 2022) (internal quotation marks omitted).

3

1986) ("A lay witness may give an opinion concerning the identity of a person depicted in a surveillance photograph if there is some basis for concluding that the witness is more likely to correctly identify the defendant from the photograph than is the jury."). Moreover, admission of Wheeler's testimony in this regard did not affect Nesbitt's substantial rights because Michael Horrall, who was in the Explorer when Urbina overdosed, testified that Urbina drove the Explorer that night.

Finally, Nesbitt argues that the district court erred by denying his Fed. R. Crim. P. 29 motion for judgment of acquittal because the Government's evidence was insufficient to prove his guilt beyond a reasonable doubt. Upon reviewing this ruling de novo, "[w]e will uphold the verdict if, viewing the evidence in the light most favorable to the government, it is supported by substantial evidence, which is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *United States v. Savage*, 885 F.3d 212, 219 (4th Cir. 2018) (internal quotation marks omitted). "A defendant who brings a sufficiency challenge bears a heavy burden, as appellate reversal on grounds of insufficient evidence is confined to cases where the prosecution's failure is clear." *Id*. (internal quotation marks omitted).

Consistent with his argument in the district court, Nesbitt emphasizes on appeal that the relevant surveillance footage did not show the underlying drug transaction between Nesbitt and Urbina and that there was a dearth of direct evidence. Viewing the record evidence in the light most favorable to the Government, we conclude that there was sufficient circumstantial evidence to support the jury's guilty verdict, including

4

(1) Horrall's testimony that (a) no one in the vehicle possessed heroin before the group arrived at the convenience store, prior to which both Urbina and another man were making calls and sending messages trying to find heroin; and (b) upon returning to the vehicle after briefly entering the convenience store to buy alcohol, the group had obtained heroin and was preparing to inject it; (2) a multitude of Facebook messages and the call history between Urbina and Nesbitt, which corroborated Urbina's efforts to buy heroin from Nesbitt; and (3) surveillance footage from which the jury could reasonably conclude that Nesbitt was the driver of the vehicle that arrived at the convenience store only minutes after Urbina's last call to him. "As we have observed repeatedly, circumstantial evidence is not inherently less valuable or less probative than direct evidence and may alone support a guilty verdict." *United States v. Martin*, 523 F.3d 281, 289 (4th Cir. 2008) (internal quotation marks omitted). And, of course, review of the denial of a Rule 29 motion requires that "we construe the evidence in the light most favorable to the government, assuming its credibility, and drawing all favorable inferences from it." *United States v. Darosa*, 102 F.4th 228, 237 (4th Cir. 2024) (internal quotation marks omitted). While we acknowledge that this was perhaps a close issue for the jury, "[t]hrough this confined lens, we find that sufficient evidence existed for a reasonable jury to convict." *United States v. Ziegler*, 1 F.4th 219, 232 (4th Cir. 2021).

Finding no reversible error, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

5